**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BERNARDO MARTINAJ, *et al.*,

                             Plaintiffs,

          v.                                      9:18-CV-257
                                                (BKS/DJS)

DONALD UHLER, *et al.*,

                           Defendants.

---

**APPEARANCES:**                       **OF COUNSEL:**

OFFICE OF ALAN D. LEVINE         ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road
Suite 307
Kew Gardens, New York 11415

HON. LETITIA JAMES               ERIK B. PINSONNAULT, ESQ.
Attorney General of the State of New York    DAVID C. WHITE, ESQ.
Attorney for Defendants             KONSTANDINOS D. LERIS, ESQ.
The Capitol                     Assistant Attorneys General
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. BACKGROUND

Chase Burnett was one of sixteen Plaintiffs who alleged constitutional violations

for actions taken against them by employees of the New York State Department of

Corrections and Community Supervision ("DOCCS") in retaliation for the well-

publicized June 2015 escape of two inmates, David Sweat and Richard Matt, from Clinton Correctional Facility. Dkt. No. 1, Compl.; Dkt. No. 103, Decision and Order dated Aug. 26, 2021. As a result of the recent decision of the District Court, Mr. Burnett's remaining claims are limited to a Fourteenth Amendment Due Process claim and an Eighth Amendment conditions of confinement claim. Dkt. Nos. 103 & 105.

After the filing of the Complaint, Mr. Burnett was released on parole and relocated to Warren County, New York. In a tragic turn, on or about October 9, 2020, while riding his bicycle near his home, Mr. Burnett was struck by an automobile and died the next day. Dkt. No. 100, Levine Decl. at ¶ 1. On October 14th, 2020, Defendants' counsel filed a Suggestion of Death, notifying the Court and Plaintiff's counsel of Chase Burnett's death. Dkt. No. 61. As provided by the Federal Rules of Civil Procedure, this gave Plaintiff's counsel 90 days to file a motion to substitute another party for Mr. Burnett. FED. R. CIV. P. 25(a).

On January 15, 2021, 92 days after notice of death was given, Plaintiff's counsel moved for a 90-day extension of time to file a motion for substitution. Dkt. No. 70. The Court granted counsel an extension to March 22, 2021. Dkt. No. 73. On March 17, Plaintiff's counsel requested a stay of proceedings *sine die* to provide for the substitution of the Estate of Chase Burnett. Dkt. No. 76. As part of that letter, attorney Levine noted that Mr. Burnett's widow, Sheri Burnett, had hired a local attorney who was actively in the process of setting up an Estate for her deceased husband, and that the Estate had not

yet been created pursuant to New York law.[1]  *Id.*  On March 22, 2021, the Court granted a 90-day extension for substitution with the understanding that the process necessary to move the federal case forward was underway.  Dkt. No. 80.  In that regard, the Court required Plaintiff's counsel to provide an update regarding the status of the Estate on or before June 21, 2021.  *Id.*

On July 2, 2021, Plaintiff's counsel filed a status update indicating that, while letters of administration had been granted in favor of Plaintiff's wife by the Warren County Surrogate's Court, those letters were limited to a wrongful death action stemming from Mr. Burnett's death, and did not include the cause of action at issue in this case.  Dkt. No. 91; *see also* Dkt. No. 100-2.  As is evident from attorney Levine's letter, it was not clear to him what to do and he thought that he would let the New York State wrongful death action proceed to a conclusion and then file a new request for limited letters of administration with himself as the attorney.  Dkt. No. 91.  That process would not occur "anytime soon."  *Id.*  Counsel accordingly requested "additional time," not to effect the substitution, but to "formally inform" the Court if such a substitution would indeed be made.  *Id.*

On August 2, 2021, the Court denied Plaintiff's counsel's request for additional time to further advise the Court of developments but permitted Plaintiff to file a Rule 25

---

[1] This representation to the Court was not in fact accurate; limited letters had been issued sixteen days prior to counsel's letter.  *See* Dkt. No. 100-2 at p. 2.

motion for substitution on or before August 16, 2021.  Dkt. No. 96.  On August 16, 2021, Plaintiff's counsel did not file a motion for substitution, but instead filed *another* motion for an extension of time.  Dkt. Nos. 99, 100, & 101.

Defendants' counsel filed a Response in Opposition to Plaintiff's Motion for a further extension of time for substitution.  Dkt. No. 102.  Defendants' counsel notes that ten months had elapsed since they filed the Suggestion of Death and Plaintiff's counsel had failed to set forth a valid basis for any further extension, and finally, that such an extension would result in continued prejudice.  *Id*.

## II. DISCUSSION

Federal Rule of Civil Procedure 25(a)(1) provides that if a party to an action dies, the case shall be dismissed unless a motion for a substitution of estate "is made no later than 90 days after the death is suggested upon the record."  Under Federal Rule of Civil Procedure 6(b), however, the Court is permitted to use its discretion to extend the 90-day limit to file a motion for substitution imposed by FED. R. CIV. P. 25(a)(1) upon a showing of excusable neglect by the moving party.  *Staggers v. Otto Gerdau Co.*, 359 F.2d. 292, 296 (2d Cir. 1966); *Billino v. Citibank, N.A.*, 1996 WL 1088925 at *1 (E.D.N.Y. Sept. 10, 1996); *Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161-163 (S.D.N.Y. 1988).

Excusable neglect is found upon a demonstration of good faith and a showing of some reasonable basis for noncompliance by the moving party.  *Zeidman v. Gen.*

4

*Accident Ins. Co.*, 122 F.R.D. at 161-163.  As such, an extension may be warranted when the moving party shows that the failure to move within the required 90-day period was due to clerical errors.  *Kernisant v. City of New York*, 225 F.R.D. 422, 430-432 (E.D.N.Y. 2005).  It is also warranted when an extension does not prejudice the nonmoving party.  *Staggers v. Otto Gerdau Co.*, 359 F.2d. at 296.

However, it is not sufficient to show that the delay "was due to simple inadvertence."  *Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. at 161; *see also Canfield v. Van Atta Buick/GMC Truck, Inc*., 127 F.3d 248, 250 (2d Cir. 1997) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'").  Further, good faith is generally not found when the plaintiff's counsel does not take any affirmative steps to complete the appointment of an administrator. C*ompare Kernisant v. City of New York*, 225 F.R.D. 422, 432 (E.D.N.Y. 2005) (finding a showing of good faith because "almost immediately after learning about Plaintiff's death, counsel made every possible effort . . . to complete the appointment of an Administrator in the most expeditious manner") (internal quotation omitted) *with Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. at 162 (finding that there was no showing of good faith by plaintiff's counsel in trying to comply with the 90-day period in part because "due diligence would have required that plaintiff's counsel commence the process of obtaining an estate representative immediately upon the service of defendant's motion to dismiss.").

In the present case, Plaintiff's counsel failed to make an adequate showing of excusable neglect to permit an extension of time to file a motion for substitution of the Estate.  Plaintiff's counsel cannot show that the delay in filing a motion for substitution in this case was caused by complicated Surrogate's Court procedures or some other valid reason, because during this very time period at issue, the Burnett Estate was in fact created.  Rather, it is clear to the Court that what occurred in this case was a conscious decision by Plaintiff's widow, and her New York State counsel, to only pursue the wrongful death claim. Attorney Levine has represented to the Court that he advised decedent's wife of the status of the federal case and advised local counsel of the need for the Estate to be substituted in for the federal court claim to proceed, yet this was never done.  That is not mere inadvertence.

The Court also rejects the argument that this substantial 11-month delay, which pursuant to Plaintiff's counsel's plan will apparently continue for an unknown period into the future, is not prejudicial to Defendants.  In determining that prejudice has occurred, the period of the delay is a relevant factor. *Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. at 162.  This Court has granted Plaintiff multiple extensions of time to substitute the Estate of Chase Burnett as a party to this action.  This delay impacts judicial administration because there are discovery matters that cannot go forward until an administrator is substituted in for the decedent. *Billino v. Citibank N.A.*, 1996 WL 1088925 at *2.  Other factors to consider include unnecessary litigation and filing of

additional motions, resulting in the avoidable expenditure of time and money.  *Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. at 162-63 (citing FED. R. CIV. P. 1 and noting that the Federal Rules "shall be construed [and implemented in such a manner] to secure, the just, speedy, and inexpensive determination of every action.").  This Court has already expended substantial effort to have this long-delayed case progress through discovery.  At the present time, discovery is set to conclude in the middle of December of this year.  Permitting an open-ended extension to substitute an estate will clearly interfere with that schedule.  The Court will not delay the matter any further so that Mr. Levine can pursue a claim that apparently Mr. Burnett's Estate is not interested in pursuing.

In sum, the Court finds that the Motion has not established that counsel's failure to make a timely motion for substitution, or to even take affirmative measures to file for temporary or limited letters of administration, constitutes inexcusable neglect.  For these reasons, the Motion for an extension of time to file a further Rule 25(a) Motion is denied.

### III.  DISMISSAL OF BURNETT'S CLAIMS

As discussed, Federal Rule of Civil Procedure 25(a) provides for the substitution of a representative in the event a party dies.  FED. R. CIV. P. 25(a)(1).  The rule also provides that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*."  *Id.* (emphasis added).  Well more than 90 days have elapsed since Burnett's death was noted on the record without any application to substitute a representative.  "If no motion is timely

filed, dismissal is mandatory." *Louis v. Wright*, 333 F.R.D. 19, 22 (E.D.N.Y. 2017) (citing cases).  This Court, therefore, recommends that Plaintiff Burnett's claims in this case be dismissed.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that the Motion to Extend Time to Substitute the Estate of Chase Burnett (Dkt. No. 99) is **DENIED**; and it is

**RECOMMENDED**, that Burnett's claims be **DISMISSED** pursuant to Fed. R. Civ. P. 25(a); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  September 20, 2021
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

8