UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BERNARDO MARTINAJ, STEVE ARMENTO, PHILLIP
COPELAND, ANTHONY MACK, SCOTT ROSS, and
CHARLES W. TOLAND, JR.,                                                       9:18-cv-257 (BKS/DJS)

                               Plaintiffs,

v.

DONALD UHLER and JOSEPH BELLNIER,

                               Defendants.
_____

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## ORDER TO SHOW CAUSE

This case is set for trial on December 4, 2023, on: (1) the Fourteenth Amendment procedural due process claims of Plaintiffs Martinaj, Armento, Copeland, Mack, and Ross against Defendants Uhler and Bellnier; and (2) Plaintiff Toland's First Amendment free exercise of religion claim against Defendant Uhler.

On April 10, 2023, the Court issued a Text Order directing the parties to brief "how they seek to proceed on the due process claims, specifically addressing what constitutional process each party alleges is due," and to submit "proposed jury instructions consistent with that analysis." (Dkt. No. 147).[1] On July 17, 2023, in a Text Order granting Defendants' request to

---

[1] The Court previously noted the parties' failure to address what process was due Plaintiffs under the Constitution in its Decisions dated February 15, 2019, *see Martinaj v. Uhler*, No. 18-cv-257, 2019 WL 652251, at *11, 2019 U.S. Dist. LEXIS 24896, at *30 (N.D.N.Y. Feb. 15, 2019) ("Defendants . . . fail to address what process was due or how due process was satisfied here."), and March 13, 2023, *see Martinaj v. Uhler*, No. 18-cv-257, 2023 WL 2984449, at *15 n.9, 2023 U.S. Dist. LEXIS 68167, at *51 n.9 (N.D.N.Y. Mar. 13, 2023) ("The Court has previously noted the parties' failure to address what process was due.").

continue the trial, the Court reminded the parties to brief the due process issue and submit proposed jury instructions consistent with that analysis. (Dkt. No. 162).

Plaintiffs filed a trial brief and proposed jury instructions on November 6, 2023, but failed to address what constitutional process Plaintiffs allege is due or include instructions consistent with that analysis. (*See* Dkt. Nos. 182–183).

Thereafter, on November 14, 2023, the Court issued a Text Order noting Plaintiffs' failure to respond to the Court's direction and directing Plaintiffs to address this failure by filing supplemental briefing by November 17, 2023. (Dkt. No. 189). On November 17, 2023, Plaintiffs' attorney, Alan D. Levine, requested an extension of time to file his submission on Sunday, November 19, 2023, "so that it will be available to [the Court] at the beginning of the business day on November 20, 2023," the date of the final pretrial conference. (Dkt. No. 191). The Court granted Mr. Levine's request that same day. (Dkt. No. 192). On November 20, 2023, the Court received a telephone call from Mr. Levine during which he advised the Court that he had been unable to meet the extended deadline but would submit supplemental briefing by the time of the parties' final pretrial conference at 12:30 p.m. that day.

Mr. Levine failed to submit supplemental briefing by the time of the final pretrial conference. His three-page supplemental "trial brief," filed later that afternoon, did not respond to the Court's previous Orders—it did not address what constitutional process Plaintiffs allege is due or include proposed jury instructions consistent with that analysis. (*See* Dkt. No. 193).[2] Furthermore, at the final pretrial conference, Mr. Levine was wholly unprepared to discuss Defendants' motion in limine argument that no process was required and that, in any event, they

---

[2] Argument that Plaintiffs had a liberty interest does not address the question of what process was due. "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012).

are entitled to qualified immunity because "the law was not clearly established in this Circuit or the Supreme Court as to what process Plaintiffs were due" under the circumstances of this case. (Dkt. No. 177, at 5–6).

Federal Rule of Civil Procedure 16 authorizes a court to order sanctions if an attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C); *see also* Fed. R. Civ. P. 16(f)(1)(B) (authorizing sanctions if an attorney "is substantially unprepared to participate" in a conference). When sanctioning a party under Rule 16, "the court may issue any just orders." Fed. R. Civ. P. 16(f)(1); *see Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." (citations and quotations omitted)); *Martin v. Giordano*, 185 F. Supp. 3d 339, 354 (E.D.N.Y. 2016) ("When a party or its attorney engages in conduct proscribed by Rule 16(f), the court may issue any just orders." (quotations omitted)); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 35 (S.D.N.Y. 2014) ("Rule 37(b)(2)(A)(ii)–(vii), which Rule 16(f) references, sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order"). "The court need not find that a party or litigant acted in bad faith as a prerequisite to imposing sanctions under Rule 16(f)." *Martin*, 185 F. Supp. 3d at 354. "Rather, the fact that a party violated a pretrial order is sufficient to allow a Rule 16 sanction." *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 368 (E.D.N.Y. 2013) (citing 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1531 (3d ed. 1998)).

4

Accordingly, Mr. Levine is **ORDERED TO SHOW CAUSE** why sanctions should not be imposed for repeated failure to comply with Court Orders. Mr. Levine may submit a letter brief not to exceed five pages, with an accompanying declaration, by December 8, 2023.

   **IT IS SO ORDERED.**

Dated: November 22, 2023
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge