UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BERNARDO MARTINAJ, STEVE ARMENTO, PHILLIP
COPELAND, ANTHONY MACK, SCOTT ROSS, and
CHARLES W. TOLAND, JR.,                                                   9:18-cv-257 (BKS/DJS)

                                               Plaintiffs,

v.

DONALD UHLER and JOSEPH BELLNIER,

                                               Defendants.
_____

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**ORDER**

      On April 10, 2023, the Court issued a Text Order directing the parties to brief "how they seek to proceed on the due process claims, specifically addressing what constitutional process each party alleges is due," and to submit "proposed jury instructions consistent with that analysis." (Dkt. No. 147).[1] On July 17, 2023, in a Text Order granting Defendants' request to continue the trial, the Court reminded the parties to brief the due process issue and submit proposed jury instructions consistent with that analysis. (Dkt. No. 162). Plaintiffs filed a trial brief and proposed jury instructions on November 6, 2023, but failed to address what constitutional process Plaintiffs allege is due or include instructions consistent with that analysis. (*See* Dkt. Nos. 182–183).

---

[1] The Court previously noted the parties' failure to address what process was due Plaintiffs under the Constitution in its Decisions dated February 15, 2019, *see Martinaj v. Uhler*, No. 18-cv-257, 2019 WL 652251, at *11, 2019 U.S. Dist. LEXIS 24896, at *30 (N.D.N.Y. Feb. 15, 2019) ("Defendants . . . fail to address what process was due or how due process was satisfied here."), and March 13, 2023, *see Martinaj v. Uhler*, No. 18-cv-257, 2023 WL 2984449, at *15 n.9, 2023 U.S. Dist. LEXIS 68167, at *51 n.9 (N.D.N.Y. Mar. 13, 2023) ("The Court has previously noted the parties' failure to address what process was due.").

Thereafter, on November 14, 2023, the Court issued a Text Order noting Plaintiffs' failure to respond to the Court's direction and directing Plaintiffs to address this failure by filing supplemental briefing by November 17, 2023. (Dkt. No. 189). On November 17, 2023, Plaintiffs' attorney, Alan D. Levine, requested an extension of time to file his submission on Sunday, November 19, 2023, "so that it will be available to [the Court] at the beginning of the business day on November 20, 2023," the date of the final pretrial conference. (Dkt. No. 191). The Court granted Mr. Levine's request that same day. (Dkt. No. 192). On November 20, 2023, the Court received a telephone call from Mr. Levine during which he advised the Court that he had been unable to meet the extended deadline but would submit supplemental briefing by the time of the parties' final pretrial conference at 12:30 p.m. that day.

Mr. Levine failed to submit supplemental briefing by the time of the final pretrial conference. His three-page supplemental "trial brief," filed later that afternoon, did not respond to the Court's previous Orders—it did not address what constitutional process Plaintiffs allege is due or include proposed jury instructions consistent with that analysis. (*See* Dkt. No. 193). Furthermore, at the final pretrial conference, Mr. Levine was wholly unprepared to discuss Defendants' motion in limine argument that no process was required and that, in any event, they are entitled to qualified immunity because "the law was not clearly established in this Circuit or the Supreme Court as to what process Plaintiffs were due" under the circumstances of this case. (Dkt. No. 177, at 5–6).

On November 22, 2023, Mr. Levine was ordered to show cause why sanctions should not be imposed for repeated failure to comply with court orders. (Dkt. No. 197). Mr. Levine responded to the Court's order by filing a letter brief on December 21, 2023, along with an accompanying declaration. (Dkt. Nos. 211–12).

Under Rule 16(f)(1), "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). The court can order the party to "pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Rule 16 provides district courts with "discretion to impose whichever sanction [they] feel [are] appropriate under the circumstances." *Huebner v. Midland Credit Mgmt.*, 897 F.3d 42, 53 (2d Cir. 2018). "In deciding whether a sanction is merited, the court need not find that a party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 368 (E.D.N.Y. 2013) (citing 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1531 (3d ed. 1998)).

Although Mr. Levine failed to respond to the Court's directions as to the content of his trial brief and his supplemental trial brief, was late in submitting his supplemental brief, and was not prepared to participate at the final pretrial conference, (Dkt. No. 197), Mr. Levine cites as reasons for his noncompliance medical and technical issues that appear to have been beyond his control, (Dkt. No. 211, ¶¶ 2–3). These issues suggest that Mr. Levin's noncompliance was not willful. Additionally, the duration of Mr. Levine's noncompliance was relatively short, and he did eventually submit a brief, albeit one that was not wholly responsive to the Court's previous orders. Mr. Levine's noncompliance was less serious than other cases where sanctions were deemed appropriate, and his noncompliance did not create a major delay in the case. *See Ali v.*

3

*Dainese USA*, 577 F. Supp. 3d 205, 223 (S.D.N.Y. 2021) (ordering reimbursement of the defendant's attorneys' fees and costs because the plaintiff's noncompliance with discovery orders led to a six-month delay in the case); *DeJesus v. Venetozzi*, No. 20-cv-813, 2023 WL 2864194, at *2, 2023 U.S. Dist. LEXIS 19487, at *18  (N.D.N.Y. Feb 6, 2023) (finding that sanctions were appropriate where the plaintiff stopped engaging in all activities and communications with the Court for over two years). Mr. Levine was also apologetic, both at trial and in his filings. As a result, the Court finds that sanctions against Mr. Levine are not warranted.

      Accordingly, it is hereby

      **ORDERED** that sanctions against Mr. Levine are not warranted.

      **IT IS SO ORDERED.**

Dated: July 11, 2024
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge